**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DANIEL HERNANDEZ, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)   Case No. 15-CV-11179<br>)<br>)   Judge Joan B. Gottschall<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Plaintiff Daniel Hernandez ("plaintiff") brings this civil action against defendant Midland Credit Management ("defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Plaintiff alleges that a dunning letter sent to him on October 5, 2015, was false and misleading in a number of respects. Defendant has moved to dismiss on the basis of lack of subject matter jurisdiction, arguing that the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), makes plain that plaintiff has not suffered sufficient injury to establish standing in this case. *See* Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, defendant's motion is denied.

Rooted in Article III of the Constitution, the requirement that a litigant have standing consists of three elements which the plaintiff must establish by facts demonstrating each element: the plaintiff must have suffered an injury in fact, the injury must be fairly traceable to the challenged conduct of the defendant, and the injury must be likely to be redressed by a favorable judicial decision. *Spokeo*, 136 S. Ct. at 1547; *Lardas v. Grcic*, 847 F.3d 561, 566 (7th Cir. 2017) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). Spokeo, an alleged consumer reporting agency, generated a profile of plaintiff

Thomas Robins allegedly containing inaccurate information. *Spokeo*, 136 S. Ct. at 1546. Robins sued under the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681 et seq., which requires, among other things, that consumer reporting agencies follow reasonable procedures to assure the accuracy of consumer reports. The district court dismissed for lack of standing, but the Ninth Circuit reversed, holding that Robins had adequately alleged injury-in-fact in that his own statutory rights had been violated and he had a personal interest in the handling of his credit information. *Spokeo*, 136 S. Ct. at 1546. The Supreme Court held that the Ninth Circuit's analysis was incomplete in that, while it adequately addressed the second prong of the injury-in-fact requirement, particularity, it overlooked the first prong, concreteness. *See id.* at 1547–48. The Supreme Court vacated the decision and remanded for consideration of the concreteness requirement. *Id.* at 1550.

*Spokeo* concerned the first of standing's elements, the requirement of injury-in-fact. To establish injury-in-fact, *Spokeo* holds, the plaintiff must show that he suffered an invasion of a legally protected interest that is both concrete and particularized, and actual or imminent, not conjectural or hypothetical. 136 S. Ct. at 1548. To be particularized, an injury must affect the plaintiff in a personal and individual way. *Id.* To be concrete, an injury "must actually exist," and be real and not abstract. *Id.* This does not mean, however, that the injury must be tangible. Intangible injuries can also satisfy the concreteness test. To determine if they do, both history and the judgment of Congress should be considered. Historically, the court should consider whether the alleged intangible harm has a close relationship to a harm that has traditionally been regarded as the basis for a lawsuit. *Id.* And because Congress is well-positioned to identify intangible harms that meet Article III requirements, its judgment should be considered. Assuming compliance with standing principles, Congress may elevate to the status of legally

cognizable injuries concrete injuries that were previously inadequately addressed in the law.  *Id.* at 1549.

In the case at bar, the injury alleged is both particularized and concrete.  It is particularized because the allegedly improper dunning letter was sent directly to plaintiff, in violation of his personal rights.  And it is concrete, for reasons explained best in the statute at issue, 15 U.S.C § 1692(a), in which Congress articulates its findings that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  Such practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  *Id.*

As numerous cases make clear, an injury is adequately concrete as long as there is some "appreciable risk of harm" to the plaintiff.  *Haddad v. Midland Funding, LLC*, No. 16 C 3942, 2017 WL 1550187, at *2 (N.D. Ill. May 1, 2017) (citing *Spokeo* and collecting Seventh Circuit cases holding that an injury was "too ethereal"); *see also Eike v. Allergan, Inc.*, 850 F.3d 315, 317 (7th Cir. 2017) (finding no standing based on mere dissatisfaction with product and observing, in apparent contrast, that the plaintiff did not make "any claim that the defendants misrepresent the quality of their product").[1]  In § 1692(b), Congress explicitly found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers."  Under *Spokeo*, Congress' finding alone cannot be decisive on the standing

---

[1] The Seventh Circuit applied *Spokeo* in *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016), *cert. denied*, No. 16-1113, 2017 WL 1001378 (June 19, 2017), cited by defendant in its Motion to Cite Additional Authority, ECF No. 51.  *Meyers* is far more like *Spokeo* than is the case at bar.  Meyers complained of a violation of the Fair and Accurate Credit Transactions Act (FACTA) in that defendant had failed to truncate the expiration date on plaintiff's credit card receipt, as FACTA requires.  The Seventh Circuit, applying *Spokeo*, concluded that Meyer had suffered neither harm nor an appreciable risk of harm since he discovered the violation immediately before anyone else could see the non-compliant receipt.  If that were not enough, Congress had declared that proper truncation of the card number, regardless of the inclusion of the expiration date, obviates any risk of identity theft.  In the case at bar, in contrast, defendant is alleged to have provided plaintiff with false information, putting him at risk of falling victim to all the ills detailed in § 1692.  The fact that plaintiff sought the assistance of counsel rather than responding to defendant's allegedly improper notice does not obviate the risk that this plaintiff or others could easily respond to such an inadequate notice to their detriment.  The risk of harm is real.

question, but it "play[s] an important role," along with the historical right to sue based on similar confusing, misleading, and deceptive practices at which Congress took aim when it enacted the FDCPA. *Spokeo*, 136 S. Ct. at 1549 (stating that Congress' enactment of a statute does not automatically satisfy the injury-in-fact requirement).

Since the parties completed briefing these issues, many FDCPA cases have been decided by courts in this circuit. After canvassing Congress' findings, historical practice, and the Supreme Court's standing decisions, these cases uniformly conclude that FDCPA claims satisfy *Spokeo*'s standing requirements. *See, e.g.*, *Dunham v. Robert Crane & Assocs., LLC*, No. 1:16-cv-2100-SEB-MPB, 2017 WL 2664287, at *4 (S.D. Ind. June 20, 2017) ("[S]everal district courts within the Seventh Circuit as well as other circuit courts have consistently held that violations of the FDCPA constitute concrete injuries-in-fact sufficient to support Article III standing"); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017) ("[N]umerous other courts, including courts in this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations"); *Haddad*, 2017 WL 1550187, at *3 ("The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation. But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless.").

Having considered Congress' findings in § 1692, the relationship of the trickery targeted by the FDCPA to intangible harms which have historically conferred standing to sue, and the risk of harm to consumers who receive inaccurate or inadequate collection letters from debt

collectors, this court is persuaded by the reasoning of the cases discussed above. For these

reasons, defendant's Motion to Dismiss, ECF No. 36, is denied.


Date: July 13, 2017                    _____/s/_____

                                        Joan B. Gottschall
                                        United States District Judge