# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL HERNANDEZ, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) MIDLAND CREDIT MANAGEMENT, INC., ) ) Defendant. ) | Case No. 15-CV-11179 Judge Joan B. Gottschall |

## MEMORANDUM AND ORDER

Daniel Hernandez ("Hernandez" or "plaintiff") moves to certify this Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, case as a class action under Federal Rule of Civil Procedure 23. Because he has not demonstrated that his proposed class definition meets the ascertainability requirement of Rule 23, the court denies his motion.

## I. BACKGROUND

On September 30, 2015, Midland Credit Management ("defendant"), served Hernandez with a summons and a copy of a complaint filed in the Circuit Court of Cook County, Illinois.[1] Ans. ¶ 12, ECF No. 14. Six days later, on October 5, 2015, defendant sent him a dunning letter (a form collection letter referred to here as "the October 5 letter"), which began:

> We have been notified that you have been served with a copy of a lawsuit commenced against you on the account referenced above. We are contacting you in an effort to resolve the matter voluntarily. If we are not able to resolve the matter voluntarily, we

---

[1] More specifically, defendant filed a complaint and summons in the third municipal district of that court in a case styled *Midland Funding, LLC v. Daniel Hernandez*, No. 2014-M3-4320 (Cook Cnty. Cir. Ct. filed Nov. 04, 2014). *See* Compl. Ex. A, ECF No. 1-1. A copy of the docket sheet for that case in the record shows that the case was set for trial call on December 21, 2016. *See* Resp. Opp'n Mot. to Certify Ex. 1, ECF No. 40-1. The last entry on a more recent copy of the docket sheet, of which this court takes judicial notice, states that the case was dismissed without prejudice on January 4, 2017. *See Midland Funding, LLC v. Daniel Hernandez*, No. 2014-M3-4320 (Cook Cnty. Cir. Ct.). An entry on the same date recites that the "court retains jurisdiction over this matter." *Id.*

> intend to seek a judgment against you, which may then be enforced in accordance with applicable state law.
>
> Charges may continue to accrue on this account until the account is satisfied, and we may have incurred additional costs in connection with the lawsuit. Thus, the amount we may be willing to accept in settlement of the lawsuit may be greater than the total present balance. We are not obligated to renew this or any other settlement offer.
>
> Please contact us today at toll-free (866) 300-8750 to obtain an exact payoff amount or to discuss resolution of your account. Depending on your circumstances, we can provide a reasonable payment plan or other accommodations as appropriate, but we need to hear from you or the lawsuit will proceed.

ECF No. 1-2 at 1. Plaintiff alleges that the October 5 letter ran afoul of several FDCPA prohibitions, *see* Compl. ¶ 36, including 15 U.S.C. 1692e, which declares that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See generally Lox v. CDA, Ltd.*, 689 F.3d 818, 621–22 (7th Cir. 2012) (discussing analytical framework governing § 1692e claims). In his motion for class certification, plaintiff emphasizes one of his FDCPA theories: under Illinois law, statutory court costs are not available before defendant obtains a judgment, *see* 735 Ill. Comp. Stat. 5/5-108 (West 2017), so the October 5 letter falsely and misleadingly implied (or perhaps even more than implied, according to plaintiff) that defendant had a right to collect court costs when it sent the letter.

Plaintiff asks the court to certify a single class defined as:

> All persons in the State of Illinois to whom, during the one year prior to the filing of Plaintiff's Complaint and continuing through the resolution of this matter, Defendant sent one or more letters or other communications similarly [sic] in the form of the October 5th Letter in an attempt to collect a non-business debt, which letter was not returned as undeliverable by the Postal Service.

Mot. to Certify 1, ECF No. 34. He attaches defendant's responses to his first set of interrogatories and a deposition of defendant's Rule 30(b)(6) representative, Kimberly Larsen ("Larsen"), to his motion. *See* Def.'s Ans. to Interrogs. Ex. D, ECF No. 34-5; Larsen Dep. Ex. C, ECF No. 34-4. Defendant admits that 3,160 people in Illinois received letters "similar in form" to the October 5, 2015, letter sent to plaintiff. Def.'s Ans. to Interrogs. 3, May 19, 2016, ECF No. 34-5. Larsen testified at her deposition that defendant uses computer software to generate form letters, but she did not know exactly what criteria were used to generate the list of 3,160 names. *See* Larsen Dep. 92:6–95:25.

## II. LEGAL STANDARD

To certify a class, this court "must find that each requirement of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation) is satisfied as well as one subsection of Rule 23(b)." *Driver v. Marion Cnty. Sheriff*, 859 F.3d 489, 490 (7th Cir. 2017) (quoting *Harper v. Sheriff of Cook Cnty.*, 581 F.3d 511, 513 (7th Cir. 2009)). Because he is the party seeking certification, Plaintiff bears the burden to persuade the court by a preponderance of the evidence that his proposed class meets Rule 23's certification requirements. *See Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011); *McCaster v. Darden Rests., Inc.*, 845 F.3d 794, 799 (7th Cir. 2017) (citing *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015)) (plaintiff has burden to satisfy district court that Rule 23 is satisfied).

"Rule 23 does not set forth a mere pleading standard." *Kleen Prods. LLC v. Int'l Paper Co.*, 831 F.3d 919, 922 (7th Cir. 2016) (quoting *Dukes*, 564 U.S. at 350). As a result, the court does not assume that all of the well-pleaded facts alleged in the complaint are true when deciding whether to certify a class. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675-77 (7th Cir. 2001) (contrasting Rule 12(b)(6) and Rule 23 standards, holding that "[t]he proposition that a

3

district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it"). The court instead takes a "careful look" at the evidence submitted in support of and in opposition to the certification motion. *Kleen Products*, 831 F.3d at 922; *see also Dukes*, 564 U.S. at 350-51 (district court should satisfy itself "after a rigorous analysis that the prerequisites of Rule 23 have been satisfied" (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982))). Indeed, the court "must receive evidence and resolve factual disputes as necessary to decide whether certification is appropriate". *Balderrama-Baca v. Clarence Davids & Co.*, 318 F.R.D. 603, 608 (N.D. Ill. 2017) (citing *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012)).

Nevertheless, the court should delve no further into the merits than is necessary to decide whether to certify a class. *See Dukes*, 564 U.S. at 352 (considering merits issue on class certification because, "[i]n this case, proof of commonality necessarily overlaps with respondents' merits contention"); *Szabo*, 249 F.3d at 676 (holding that district court was required to make "preliminary inquiry into the merits" because it was impossible to assess "the difficulties likely to be encountered in the management of [the] class action").

A motion to certify a class is no more a summary judgment proceeding than it is a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *See Driver*, 859 F.3d at 493 (fact that motion to certify a class is not an attack on the pleadings "does not mean that the Rule 23 analysis is transformed into a summary judgment motion"). Nor should class certification devolve "into a dress rehearsal for the trial on the merits." *Balderrama-Baca*, 318 F.R.D. at 608 (quoting *Messner*, 669 F.3d at 811). Going beyond the limited inquiry required and addressing the merits before class certification puts the cart before the horse because a motion to certify a class asks the court to decide, at the earliest preliminary stage

practicable, *see* Fed. R. Civ. P. 23(c)(1), whether a class action is the proper way to resolve the merits. *See Dukes*, 564 U.S. at 351-52; *Driver*, 859 F.3d at 493; *Messner*, 669 F.3d at 811; *Szabo*, 249 F.3d at 677 (stating that a district court should not say something like "I'm not going to certify a class unless I think that the plaintiffs will prevail").

### III. ANALYSIS

At the threshold, the court has already dealt with many of defendant's arguments against certification. Defendant maintains that plaintiff lacks standing to sue under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), making him an atypical and unsuitable class representative. The court addressed these contentions when it denied defendant's motion to dismiss for lack of subject-matter jurisdiction, adding its voice to the chorus of courts in this circuit holding that FDCPA violations continue to inflict a concrete and particularized injury after *Spokeo*. *See* Order 3–4, ECF No. 59 (July 13, 2017). With defendant's standing-based arguments out of the way, the court turns to what remains.

Rule 23 has long been interpreted as implicitly requiring a class to be defined "clearly and based on objective criteria." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015) (collecting authority); *accord Elliott v. ITT Corp.*, 150 F.R.D. 569, 574 (N.D. Ill. 1992) (citing *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 397 (N.D. Ill. 1987)), *report and recommendation adopted* 150 B.R. 36, 39 (N.D. Ill. 1992). Courts sometimes use the shorthand term "ascertainability" to refer to this requirement. *E.g.*, *Mullins*, 795 F.3d at 657; *Pierre v. Midland Credit Mgmt., Inc.*, No. 16 C 2895, 2017 WL 1427070, at *4–5 (N.D. Ill. Apr. 21, 2017).

Defendant's ascertainability challenge focuses on the language limiting the class to persons to whom defendant "sent one or more letters or other communications similarly in the

form of the October 5th Letter" in the proposed class definition. Mot. to Certify 1. The "other communications" language, argues defendant, sweeps broadly enough to encompass telephone communications with potential class members. *See* Resp. Opp'n Mot. to Certify 9, ECF No. 40. The court agrees. As written, the class definition includes an amorphous group of people who received communications "similarly in the form of the October 5th Letter," including, potentially, phone communications. Indeed, as defendant points out, plaintiff adverts to the possibility of false and misleading telephone conversations in his motion for class certification. *See* Mot. to Certify 4 (arguing that people who received letters like the October 5 letter and then call the listed number to inquire about the debt may receive inconsistent or incorrect information). Nevertheless, the proposed class definition supplies no objective way to decide whether a communication is substantially similar to the October 5 letter, which can be found in its entirety in this record. *See* Compl. Ex. B. To which part or parts of the letter must a communication be similar? The definition must furnish an objective way to answer that question by identifying "a particular group" of persons harmed in "a particular way." *Mullins*, 795 F.3d at 660 (citations omitted); *cf. Pawelczak v. Fin. Recovery Servs., Inc.*, 286 F.R.D. 381, 385 (N.D. Ill. 2012) (certifying FDCPA class of plaintiffs who all received a prerecorded phone message).

In his reply, plaintiff asserts that the class's composition can be objectively ascertained by looking to defendant's discovery responses. ECF No. 49 at 5–6. During discovery, defendant identified 3,160 substantially similar dunning letters sent to people in Illinois. Def.'s Ans. to Interrogs. 3, ECF No. 34-5. Defendant appears to have used objective criteria to identify the group of 3,160 individuals in its response to plaintiff's first interrogatory. *See Pierre*, 2017 WL 1427070, at *4–5 (citing *Foreman v. PRA III, LLC*, No. 05 C 3372, 2007 WL 704478, at *5-6 (N.D. Ill. Mar. 5, 2007)). Those criteria are not in the record, however. *See* Larsen Dep. 94:10–

6

18. Even if they were, the problem remains that plaintiff does not propose to alter the class definition in any way, and as presently defined, it does not use the objective criteria defendant employed when it created the list of 3,160 letters. *Cf.*, 2017 WL 1427070, at *2 (defining class as a group of people to whom defendant sent letters including specific language).

The class definition plaintiff proposes has an additional ascertainability problem: its only time limitation is the conclusion of this litigation. *See Mullins*, 795 F.3d at 660 (citations omitted) ("To avoid vagueness, class definitions generally need to identify a particular group, harmed during a particular time frame . . . ."); *see also, e.g.*, *Langendorf v. Skinnygirl Cocktails, LLC*, 306 F.R.D. 574, 578 (N.D. Ill. 2014) (proposing that class of product purchasers close when notice is sent to class members); *Sadler v. Midland Credit Mgmt.*, No. 06 C 5045, 2008 WL 2692274, at *3 (N.D. Ill. July 3, 2008) (limiting class definition to recipients of correspondence from this defendant sent "on or between a date one year prior to the filing of this action and twenty days after the filing of this action"). The proposed class here closes only upon "the conclusion of the litigation." Mot. to Certify 1. Suppose defendant sends another batch of dunning letters to people with Illinois addresses after the class is certified. If those letters are substantially similar to the October 5 letter, a new group of class members would be added. And then it could happen again. Nothing could stop it until the case ends.[2] *See In re Sears, Roebuck & Co. Tools Mktg. & Sales PPrac. Litig.*, Nos. 05 C 4742, 05 C 2623, 2007 WL 4287511, at *4 (N.D. Ill. Dec. 4, 2007) (quoting *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999)) (noting that "a new set of plaintiffs would be added to the class each day" because the class definition had no time boundary).

---

[2] The proposed class definition uses the phrase "conclusion of the case." That phrase does not have a readily fixed procedural meaning. It therefore raises a series of potential questions such as whether the case concludes upon the approval of a settlement, upon the entry of judgment, or when the last appeal is resolved.

Rule 23(c)(1) gives the court discretion to alter a class definition, but the court should not shift to itself the plaintiff's burden to define the class objectively. *In re Sears*, 2007 WL 4287511, at *4 (citing *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004)) (declining to attempt to redefine class and stating that "it is not the court's role to fashion plaintiffs' class definitions for them where the original proposed class is so problematic"). Plaintiff does not propose an alternative class definition or suggest that the court should attempt to repair his proposed class definition. *See, e.g.*, *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 108 (N.D. Ill. 2013) (considering alternate class definition proposed in reply to motion to certify after concluding initial definition was not ascertainable). The record also makes it difficult, if not impossible, to determine what defendant's objective criteria were. At her deposition, Larsen did not know exactly what criteria were used to create the list produced in discovery. *See* Larsen Dep. 92:14–93:8 (stating witness could not recall exactly which form letters defendant deemed substantially similar and referring to exhibit D-5, which was available at the deposition but not made part of the record here). And defendant searched for letters sent during a particular time period, according to Larsen. *Id.* at 91:18–92:13. Again, the proposed class definition does not close until this litigation comes to an end, so the time boundary on the criteria defendant used means that the resulting list does not necessarily cover every member of the proposed class. The court therefore leaves to plaintiff the task, if he wishes, of attempting to redefine the class in an ascertainable fashion. *See In re Sears*, 2007 WL 4287511, at *4–5 (declining to attempt to redefine class where "Plaintiffs . . . fail to suggest an appropriate class period and offer[ed] no assistance whatsoever in deciding upon one").

## IV. CONCLUSION

Because plaintiff has failed to show that the proposed class's composition is ascertainable using objective criteria, the court ends its Rule 23 analysis and denies plaintiff's motion to certify (ECF No. 34). A status conference is set for August 2, 2017, at 9:30 a.m.


Date: July 24, 2017                         /s/
                                                         Joan B. Gottschall
                                                         United States District Judge